UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA,

v.                                        CASE NO.  8:05-CR-498-T-17AEP

ROBERT M. MORRISON.

_____/

ORDER

This cause is before the Court on:

Dkt. 926     Motion for Reconsideration
Dkt. 936     Motion to Preserve <u>Beckles</u> Claims Should
             This Circuit Deem It Retroactive

Dkt. 926     Motion for Reconsideration

Defendant Robert M. Morrison, <u>pro se</u>, requests that the Court review Defendant Morrison's sentence (Dkt. 569) in light of <u>Johnson v. United States</u>, 135 S.Ct. 2551 (2015)(holding residual clause of ACCA void for vagueness).

Defendant Morrison was sentenced on March 6, 2007 to a term of imprisonment of 262 months, followed by 60 months of supervised release, and a $100 special assessment fee.  A forfeiture order forfeiting Defendant Morrison's interest in $26,080 in U.S. currency is also attached to the Final Judgment. (Dkt. 569).

On June 23, 2016, the Eleventh Circuit Court of Appeals denied Defendant Morrison's application seeking an order authorizing the District Court to consider a second or successive motion to vacate, set aside or correct Defendant Morrison's federal sentence.  (Dkt. 933).  The Eleventh Circuit found that Defendant Morrison did not make a <u>prima facie</u> showing of the existence of either of the grounds set forth in 28 U.S.C. Sec. 2255(h), and therefore denied Defendant Morrison's request to file a second or successive motion.

Defendant Morrison sought to raise two claims in a second or successive Sec. 2255 motion based on the new rule of constitutional law announced in <u>Johnson v. United States</u>, 135 S.Ct. 2551 (2015): 1)  Defendant Morrison contended that Defendant no longer qualified as a career offender under the Sentencing Guidelines because battery on a law enforcement officer no longer qualifies as a crime of violence after <u>Johnson</u>; and  2)   Defendant Morrison asserted that <u>Johnson</u> and <u>Welch v. United States</u>, 136 S.Ct. 1257 (2016)(holding <u>Johnson</u> announced a substantive rule that applied retroactively on collateral review) constituted newly discovered evidence.

The Eleventh Circuit Court of Appeals explained that Defendant Morrison was sentenced as a career offender pursuant to U.S.S.G. Sec. 4B1.1, not as an armed career criminal under the Armed Career Criminal Act.  Defendant Morrison was designated a career offender based on a 1989 Florida conviction for sale of cocaine, a 1996 Florida conviction for aggravated assault, and a 1999 Florida conviction for battery on a law enforcement officer.  The Eleventh Circuit explained that the vagueness doctrine did not apply to advisory Sentencing Guidelines, citing <u>United States v. Matchett</u>, 802 F.3d 1185, 1193-96 (11th Cir. 2015).   The Eleventh Circuit further explained that binding precedent does not make <u>Johnson</u> retroactive for the purposes of filing a successive Sec. 2255 motion raising a <u>Johnson</u>-based challenge to the Sentencing Guidelines, citing <u>In re Griffin</u>, 823 F.3d 1350 (11th Cir. 2016).

Based on the decision of the Eleventh Circuit Court of Appeals denying Defendant  Morrison's application for leave to file a second or successive Sec. 2255 motion, the Court **denies** Defendant Morrison's Motion for Reconsideration.

Case No. 8:05-CR-498-T-17AEP

Dkt. 936      Motion to Preserve <u>Beckles</u> Claims

Defendant Robert M. Morrison, <u>pro se</u>, moves to preserve <u>Beckles</u> claims should this Circuit deem it retroactive.

Section 4B1.1 of the Sentencing Guidelines provides that a defendant is classified as a career offender if he (1) was at least 18 years old at the time of the offense of conviction; (2) the offense of conviction was either a crime of violence or a controlled-substance offense; and (3) he had at least 2 prior felony convictions of either a crime of violence or a controlled substance offense.   U.S.S.G. Sec. 4B1.1(a).  The guidelines define "crime of violence" as any offense under federal or state law that is punishable by  imprisonment for more than one year and:

> (1)      has as an element the use, attempted use, or threatened use of physical force against the person of another, or

> (2)      is burglary of a dwelling, arson, or extortion, involves the use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another.

U.S.S.G. Sec. 4B1.2(a).

The Eleventh Circuit has noted that Defendant Morrison has two prior convictions that qualify as career-offender predicates even if <u>Johnson</u> voided the residual clause in the Sentencing Guidelines.  (Dkt. 933, p. 7).

In <u>Beckles v. United States</u>, 579 Fed. Appx. 833 (11th Cir. 2014), after the Southern District of Florida denied Defendant Beckles relief under Sec. 2255, the Eleventh Circuit Court of Appeals affirmed the decision of the Southern District of Florida.  Defendant Beckles claimed that he was improperly sentenced as a career offender under U.S.S.G. Sec. 4B1.1 because Defendant's conviction for possession

3

of a sawed-off shotgun was not a "crime of violence."

Defendant Beckles then filed a petition for writ of certiorari to the Supreme Court. The Supreme Court vacated and remanded to the Eleventh Circuit for further consideration in light of Johnson v. United States., 135 S.Ct. 2551 (2015). Beckles v. United States, 135 S.Ct. 2928 (2015).

On remand, the Eleventh Circuit Court of Appeals determined that Defendant Beckles was sentenced properly as a career offender, as Defendant Beckles had at least two prior felony convictions for drug offense, and further found that Defendant Beckles' offense of conviction, unlawful possession of a sawed-off shotgun, constitutes a "crime of violence" under section 4B1.1, citing U.S.S.G. Sec. 4B1.2 cmt. n. 1 and United States v. Hall, 714 F.3d 1270 (11th Cir. 2013)(concluding that the Guidelines commentary in U.S.S.G. Sec. 4B1.2 is binding and possession of a sawed-off shotgun qualifies as a "crime of violence"). Beckles v. United States, 616 Fed. Appx. 415 (11th Cir. 2015).

After consideration, the Court **denies** Defendant Morrison's Motion to Preserve Beckles Claims as moot. Beckles has been decided, and, as noted above, binding precedent does not make Johnson retroactive for the purposes of filing a successive Sec. 2255 motion raising a Johnson-based challenge to the Sentencing Guidelines. (Dkt. 933, pp. 5-6). Even if Johnson did apply, Defendant Morrison has two prior convictions that qualify as career-offender predicates. Accordingly, it is

Case No. 8:05-CR-498-T-17AEP

**ORDERED** that Defendant Robert M. Morrison's pro se Motion for
Reconsideration (Dkt. 926) is **denied**, and Motion to Preserve Beckles Claims
(Dkt. 936) is **denied as moot.**

**DONE and ORDERED** in Chambers in Tampa, Florida on this _14th_ day of
February, 2018.

ELIZABETH A. KOVACHEVICH
United States District Judge

Copies to:
All parties and counsel of record

Robert M. Morrison
Reg. No. 48380-018
FCC Coleman-Low
P.O. Box 1031
Coleman, FL        33521-1031