# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

UNITED STATES OF AMERICA

v.  Case No: 8:05-cr-498-T-02AEP

ROBERT MORRISON
_____/

## ORDER DENYING
## DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE

This matter comes to the Court on Defendant Robert Morrison's Motion for Compassionate Release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). Dkt. 971. The United States filed a response in opposition. Dkt. 973. With the benefit of full briefing, the Court denies the Defendant's Motion for Compassionate Release.

### Legal Standard

Pursuant to 18 U.S.C. § 3582(b), a judgment of conviction that includes a sentence of imprisonment "constitutes a final judgment and may not be modified by a district court except in limited circumstances." *Dillon v. United States*, 560 U.S. 817, 824 (2010) (internal quotations omitted ). The exception in 18 U.S.C. § 3582(c)(1)(A) provides that when a defendant has exhausted his or her administrative remedies the Court may exercise its discretion to reduce the term of imprisonment after considering the factors set forth in 18 U.S.C. § 3553(a) if 1) extraordinary and compelling reasons warrant such a reduction and 2) such a

reduction is consistent with applicable policy statements. *United States v. Smith*, 8:17-CR-412-T-36AAS, 2020 WL 2512883, at *2 (M.D. Fla. May 15, 2020). "The defendant generally bears the burden of establishing that compassionate release is warranted." *Id.* (citing *United States v. Hamilton*, 715 F.3d 328, 337 (11th Cir. 2013)).

## Discussion

In March 2007, following his plea of guilty to conspiracy to distribute and to possess with intent to distribute cocaine, this Court sentenced Mr. Morrison to 262 months' imprisonment. The Defendant was sentenced as a career offender based on one drug trafficking prior and two prior violent crimes involving firearms. Dkt. 958.

The Defendant filed a motion for compassionate release claiming that rehabilitative efforts made while incarcerated should justify reconsideration of his status as a career offender. The Government states that the Defendant failed to exhaust administrative remedies and did not present any extraordinary or compelling reasons that would validate his motion. Dkt. 973 at 1.

This Court has no inherent authority to modify a sentence. *United States v. Diaz-Clark*, 292 F.3d 1310, 1319 (11th Cir. 2002). But rather, under the First Step Act, this court can only modify a sentence of imprisonment under three circumstances: (1) where extraordinary and compelling reasons warrant a

reduction, 18 U.S.C. § 3582(c)(1)(A); (2) where another statute or Federal Rule of Criminal Procedure 35 expressly permits a sentence modification, 18 U.S.C. § 3582(c)(1)(B); or (3) where a defendant has been sentenced to a term of imprisonment based on a sentencing range that was subsequently lowered by the Commission and certain other requirements are met, 18 U.S.C. § 3582(c)(2).

The Government contends that the Defendant has not exhausted his administrative remedies and is therefore ineligible for compassionate release consideration. Dkt. 973 at 5. This Court has discretion to consider a defense motion for reduction of sentence under 18 U.S.C. § 3582(c)(1)(A)(i) when "the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility[.]" In this case, the Defendant has pointed out nothing concerning exhaustion of remedies, other than stating that he has exhausted them.[1] Dkt. 971 at 3.

Even if the Court overlooks this fact and rules on solely the merits of the Defendant's claim, the Defendant has not presented extraordinarily compelling evidence that would warrant his compassionate release. Examples of qualifying "extraordinary and compelling reasons" include: (1) terminal illness; (2) a serious

---

[1] The documents Defendant attached to his motion do not indicate they were submitted to the warden and the Government's response indicates these documents were never received by the facility. Dkt. 971-1 at 2–3; Dkt. 973-1 at 3 & 8.

medical condition that substantially diminishes the ability of the defendant to provide self-care in prison; or (3) the death of the caregiver of the defendant's minor children. *See* U.S.S.G. § 1B1.13 cmt. n.1.

The Defendant's positive accomplishments while incarcerated should not be characterized as compelling and extraordinary and do not give rise to the requested relief under the Court's discretion. *United States v. Nasirun*, No. 8:99-CR-367-T-27TBM, 2020 WL 686030, at *2 (M.D. Fla. Feb. 11, 2020). The Court's discretion is present, but the Court declines to exercise in these circumstances.

Even when an extraordinary and compelling reason exists, a court should only grant a motion for release if it determines that the defendant is not a danger to the public. *See* 18 U.S.C. § 3582(c)(1)(A). In determining the sentence to be imposed, the court must consider the nature and circumstances of the offense and the history and characteristics of the defendant. 18 U.S.C. § 3553(a)(1). In this case, the nature and circumstances of the Defendant's offenses, including possessing and trafficking illegal drugs and violent felonies related to firearms, coupled with his high likelihood of recidivism, make it difficult to argue that he is not a danger to the safety of any other person or to the community. Dkt. 973 at 6.

## Conclusion

The Court denies Defendant's Motion for Compassionate Release, Dkt. 971, without prejudice.

4

**DONE AND ORDERED** at Tampa, Florida, on July 2, 2020.

*/s/ William F. Jung*
**WILLIAM F. JUNG**
**UNITED STATES DISTRICT JUDGE**

**COPIES FURNISHED TO:**
Counsel of Record
Defendant, pro se